UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM COMER, *et al.*,

        Plaintiffs,                         Case No. 1:04-CV-108

v.                                        HON. RICHARD ALAN ENSLEN

WAL-MART STORES, INC.,

        Defendant.                         **ORDER**
_____/

       This matter is before the Court on Plaintiffs' Amended Motion for Nationwide Notice which appears to be a renewed Motion to Approve Notice Nationwide to Those "Similarly Situated" Within the Meaning of 29 U.S.C. § 216(b). Defendant has filed a timely response. Plaintiffs have also filed a Motion to file a Reply Brief pursuant to Local Civil Rule 7.3(c). Upon review, the Court finds that the proposed papers will assist the Court in deciding Plaintiffs Motion for Nationwide Notice. Therefore, the Court will grant Plaintiffs leave to file their Reply Brief. The Motion for Nationwide Notice, having been fully briefed, may now be resolved without oral argument. *See* W.D. Mich. L. Civ. R. 7.3(d).

       In an Opinion and Order dated January 4, 2005, this Court granted Plaintiffs' prior Motion for Notice "to the extent that this Court approves Notice to advise the salaried assistant managers employed by Wal-Mart at any time in the past three years only within Wal-Mart's 'Region 3,' *i.e.*, the management region for Michigan, Northern Indiana and Northern Ohio." (Order, Jan. 4, 2005.) The Court stated that this was a "conditional certification subject to later review after the completion

1

of significant discovery," which "may include Court action to either expand or limit the certification as appropriate." (Op., Jan. 4, 2005, at 5.)

Plaintiffs' renewed Motion requests the Court to approve nationwide notice to advise salaried assistant managers employed by Wal-Mart at any time in the past three years of their rights guaranteed by the Fair Labor Standards Act ("FLSA") and to provide them with the opportunity to "opt-in," pursuant to 29 U.S.C. § 216(b). (Pls. Br. at 6-7.) Plaintiffs' request is made in light of newly submitted documentary evidence. Plaintiffs assert this evidence supports nationwide notice because it indicates that Plaintiffs and potential plaintiffs, together, were victims of a nationwide common policy or practice that violated the law. (Pls. Br. at 6-7; *see also Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002).)

The new evidence submitted comprises of three pages of "frequently asked questions" included in the 2002 Wal-Mart "New Store Orientation" binder used for the set-up and grand opening of brand new stores. (Def. Br. at 2.) The relevant section is as follows:

> [Question:] Am I held accountable to come in at the payroll that is preferred?
>
> [Answer:] YES! However, sometimes your District Manager, your Regional Manager or your Divisional will instruct you to bring payroll in at a different percentage; in this case this amount will take precedence over preferred.

(Pls. Br., Ex. B, at 3.)

Upon review, the newly submitted evidence does not persuade the Court that nationwide notice is appropriate at this time. For the reasons set forth in the January 4, 2005 Opinion, this Court reaffirms its determination that notice is appropriate as to Wal-Mart's "Region 3."

The Court reiterates that this is a conditional certification subject to later review after completion of discovery and such review may include Court action to either expand or limit the certification as appropriate.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' Motion for Relief to File Reply Brief (Dkt. No. 225) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Motion for Nationwide Notice and Expedited Consideration (Dkt. No. 189) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>May 6, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |